## MURRAY vs. NEALLY.

The Justices of the *quorum* who have administered the Poor Debtor's oath, within the time allowed by statute, to one committed on execution, have power to make up the record of their proceedings and give a certificate to be filed with the jailer, *after the lapse of " nine months and three days,"* from the giving of the bond for the liberty of the yard, notwithstanding the provisions of *statute* of 1823, *ch.* 209.

IN this action, which was debt upon a bond given by the principal defendant with the others as his sureties, to procure for him the liberties of the prison limits, it appeared by copies of proceedings before two Justices of the *quorum,* produced in evidence

by the defendant, that he had been duly discharged on taking the poor debtor's oath, pursuant to the provisions of the statute. And it was agreed that he had thereupon gone at large. But it was admitted that the plaintiff could prove, if the evidence was admissible, that after administering the oath, the Justices neglected to make up their record and refused to give a certificate of their proceedings, the debtor not having paid their fees. That, nothing further was done until after the lapse of *nine months and three days,* when the Justices made up their record, and gave a certificate, *dating both as of the day when the oath was administered.*

If in the opinion of the Court this evidence was admissible, and the action maintainable, the defendants were to be defaulted, otherwise the plaintiff was to become nonsuit.

*Fairfield* and *Tibbets,* for the plaintiff, contended that the parol evidence was admissible. The Justices acted *ministerially* and not *judicially,* and therefore their record may be contradicted. *Brier* v. *Woodbury & al.* 1 *Pick.* 362; *Burton,* v. *Pond,* 5 *Day,* 160; *Bangs* v. *Snow & al.* 1 *Mass.* 185; 3 *Stark. Ev.* 1046.

2. This evidence shows that the proceedings by the Justices were irregular, and that the principal defendant has never been legally discharged from imprisonment. The making a certificate under the hands and seals of the Justices to the jailer, is a *condition precedent* to the liberation of the prisoner. The statute says, "which oath or affirmation being administered by the said Justices to, and taken by such prisoner, *and* a certificate thereof made under the hands and seals of the Justices administering the same, to said jail or prison keeper, he shall *thereupon* set such prisoner at liberty." Upon two conditions the jailer is authorized to discharge the prisoner, to wit, the administering of the oath, and the making of the certificate. One can no more be dispensed with than the other. And from the care and precision manifested in the *form* prescribed by statute, it would seem that the legislature deemed the certificate of some consequence.

Among other things required to be stated in it, is, that the creditor was duly notified. Now suppose this to be omitted would not the jailer be justified in refusing to discharge the prisoner? If so, then how much more, where there is *no certificate.*

This construction is fortified by reference to the additional statute of 1828, *sec.* 3, which says, that " whenever the body of any debtor, &c. shall be discharged from commitment *on the certificate* of the two Justices," &c.

3. The making up of the record, and giving of the certificate, after the lapse of nine months and three days, cannot cure the previous defects. It is unnecessary to maintain, that the record and certificate should be made at the time of administering the oath, though such it is apprehended was the intent of the statute. But after nine months and three days, if not before, their authority is gone. The bond is then *broken,* and the law has invested no man with power to *heal* the act — the rights of the parties have then become *vested,* and the Justices have no power to *divest* them.

*D. Goodenow* and *Howard,* for the defendants, to show that parol evidence was inadmissible in this case for the purpose for which it was proposed, cited 2 *Stark. Ev.* 1042; *Brier* v. *Woodbury,* 1 *Pick.* 362; *Moor* v. *Newfield,* 4 *Greenl.* 44; *Dole* v. *Allen,* 4 *Greenl.* 527; 1 *Chit. Pleading,* 354.

But if admissible, they still contended that the action could not be maintained. The administering of the oath, of itself, operated a discharge.

PARRIS J. — It is admitted that notice to the creditor, of the debtor's intention to take the poor debtor's oath, was duly issued and served, and that, at the time appointed, the debtor appeared before two Justices of the quorum, who thereupon legally administered to him the oath prescribed by statute.

According to the decision of this Court in *Kendrick* v. *Gregory,* 9 *Greenl.* 22, the condition of the debtor's bond for the liberty of the yard was saved as soon as he was lawfully admitted to the poor debtor's oath; — and the certificate of the Justices is intended merely as a notice to the prison keeper of what has been done, that he may set the debtor at liberty, if in his custody; — but he may do this upon any other satisfactory information. of the fact, taking upon himself the peril of proving it.

As the statute *chap.* 209, *sec.* 14, provides that one of the Justices shall make proper entries and records of their proceed-

ings, and enter judgment in due form as in other cases, a copy of that record is the proper evidence of the proceedings before the Justices.

Such evidence, duly authenticated, appears in the case;—and it is not contended that the record is erroneous.

But an attempt is made to avoid its effect, by shewing that it was not made up until some months subsequent to the transaction.

Suppose that, in a civil action, a Justice of the Peace, before whom it was tried, neglected to extend or enter up his record for years after the trial. The record, notwithstanding, when entered up, might be competent evidence, more especially if its truth was not controverted, and it was extended from minutes made at the time, and original papers filed in the case. The Clerks of this Court do not and cannot, during term, record, at length, all the proceedings of the Court. But the validity and effect of a record, as evidence, was never doubted, because it was not extended or made up until after the adjournment of the Court. The situation of parties would be hazardous, if the law were otherwise.

We think the condition of the bond was saved when the Justices admitted *Neally* to the oath, and that their record is competent evidence of that fact; and we see nothing material to distinguish this case from *Kendrick* v. *Gregory*, before cited.